IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER & DEBORAH AMATO, <u>ET AL.</u>, | : No.   06cv39 |
| | : |
| Plaintiffs | : Judge Jones |
| | : |
| v | : |
| | : |
| KPMG LLP, <u>ET AL.</u>, | : |
| | : |
| Defendants | : |

**MEMORANDUM AND ORDER**

August 14, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Reconsideration Directed to

Footnotes 6 and 7 of the Court's June 13, 2006 Memorandum and Paragraph 1(A)

of the Court's June 13, 2006 Order ("the Motion") (doc. 85) filed by Plaintiffs[1] on

June 27, 2006.[2]  For the reasons that follow, the Motion will be granted.

**<u>FACTUAL BACKGROUND/PROCEDURAL HISTORY</u>:**

---

[1] Plaintiffs in this action are Peter and Deborah Amato, Joseph and Donna Amato, Leonard and Lana Ross, and James Chebalo, individually, and as Executor of the Estate of Rosalie Chebalo (collectively "Plaintiffs").

[2] We note that we also have before us a Motion to Amend the June 13, 2006 Order to Certify for Interlocutory Appeal Under 28 U.S.C. § 1292(b) and For Stay (doc. 86) filed by Plaintiffs on July 7, 2006.

The factual background and procedural history of this case was thoroughly

set forth in our June 13, 2006 Order and is well known to the parties.  (Rec. Doc.

84).  The following brief recitation of that history is sufficient for the purpose of

reviewing the pending Motion.

On or about October 28, 2005, Plaintiffs filed a complaint against

Defendants[3] in the Court of Common Pleas of Luzerne County, Pennsylvania

alleging various misconduct relating to Plaintiffs' participation in an investment

strategy known as Offshore Portfolio Investment Strategy ("OPIS").  By stipulation

of the parties, the time for Defendants to respond to Plaintiffs' complaint was

extended to January 6, 2006.  On January 6, 2006, the Deutsche Bank Defendants,

with the consent of all Defendants, removed the action to this Court.

Plaintiffs' complaint alleges that in 1998 they realized a significant capital gain

from the sale of certain companies, including Keystone Automotive Warehouse.

(Compl. ¶¶ 22-25).  Plaintiffs are individuals who hoped to avoid tax liability by

investing in a tax-advantaged investment strategy, OPIS, that was allegedly

marketed to them by KPMG.  Id. ¶¶ 25, 47, 48.  Plaintiffs allege that they

participated in the OPIS strategy after meeting with a representative of KPMG, who

---

[3] Defendants in this action are KPMG LLP, Sidley Austin Brown & Wood LLP, Presidio Advisors LLC, Presidio Growth LLC, Deutsche Bank AG and Deutsche Bank Securities, Inc. (collectively "Defendants").

advised them that they could recognize significant tax benefits through their

participation in OPIS.  Id. ¶ 25.  Subsequently, Plaintiffs claimed substantial tax

losses on their tax returns.  Id. ¶ 13.  Plaintiff allege that the IRS and the

Commonwealth of Pennsylvania later challenged such losses.  Id. ¶¶ 32, 99-101.

In our June 13, 2006 Order, we denied Plaintiffs' Motion to Remand for

Lack of Subject Matter Jurisdiction (doc. 23), granted in part and denied in part

Motions to Compel Arbitration and Stay All Proceedings, or, Alternatively, for an

Extension of Time to Respond to Plaintiffs' Complaint filed by Defendant KPMG

(doc. 7) and Defendant Deutsche Bank (doc. 10), and we granted in part and

denied in part Presidio Defendants' Motion to Stay Proceedings Pending

Arbitration, or, Alternatively, for Additional Time to Respond to Complaint (doc.

8).  In our June 13, 2006 Order, we also granted in part and denied in part Sidley

Austin's Motion to Dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P.

12(b)(6) (doc. 9).  At issue in the instant Motion filed by Plaintiffs is our dismissal

of Plaintiffs' claims for the recoupment of interest paid to the IRS.  (Rec. Doc. 84

at 69, Paragraph 1(A)).

Plaintiffs filed the Motion on June 27, 2006, to which Sidley Austin filed a

responsive submission.  (Rec. Docs. 85, 87).  Plaintiffs filed a reply brief on July

27, 2006.  (Rec. Doc. 89).  Accordingly, the Motion is ripe for disposition.

**STANDARD OF REVIEW:**

Motions for reconsideration should be granted sparingly as federal courts

have a strong interest in the finality of judgments.  Burger King Corp. v. New

England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa.

2000).  "The purpose of a motion for reconsideration . . . is to correct manifest

errors of law or fact or to present newly discovered evidence."  Max's Seafood

Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).

"Accordingly, a judgment may be altered or amended if the party seeking

reconsideration shows at least one of the following grounds: (1) an intervening

change in the controlling law; (2) the availability of new evidence that was not

available when the court granted the motion for summary judgment; or (3) the need

to correct a clear error of law or fact or to prevent manifest injustice."  Id. (citing

North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.

1995)).

**DISCUSSION:**

Plaintiffs bring the Motion with respect to a discrete but important portion of

our June 13, 2006 Order, specifically Plaintiffs' claim for recoupment of interest

paid to the IRS.  Plaintiffs initially argue that the issue of whether interest paid to the

IRS may or may not be recovered as an element of damages was not squarely before the Court when we disposed of Sidley Austin's Motion to Dismiss. Plaintiffs subsequently assert that the recovery of interest that they paid to the IRS is a proper element of damages. In that regard, Plaintiffs direct the Court to a raging debate among various courts on this issue and maintain that the better view for the Court to adopt allows for recovery of interest depending upon the facts of the case. "We believe this Court, without the benefit of plaintiffs' illumination of an issue they did not deem to have been presented for decision, overlooked this important line of competing authority and ruled on an issue that, in fairness, required significant analysis and consideration. We respectfully submit that the issue of whether, although plaintiffs have stated a claim for professional malpractice, that claim (and the other claims against Sidley) may properly result in recovery of interest paid to the IRS as an aspect of damages should be left for another day." (Pls.' Mot. Reconsideration at 14).

In response, Sidley Austin argues that Plaintiffs' Motion should be denied outright by the Court because there is no appropriate basis for reconsideration. In addition, Sidley Austin maintains that its Motion to Dismiss was an appropriate forum for the Court's decision regarding whether the recovery of interest that Plaintiffs' paid to the IRS is a proper element of damages. Sidley Austin asserts

that the Court had the power to dismiss the interest damages even in the absence of

a motion made by Sidley Austin.  Finally, Sidley Austin contends that

reconsideration would be futile because the Court reached a correct decision.  In

that vein, Sidley Austin points to various courts that have found interest-based

damages inappropriate in cases involving tax strategies which it asserts is consistent

with the vast weight of authority addressing this issue.

A thorough review of our June 13, 2006 Order, submissions made by the

parties, and applicable case law reveal that we glossed over what should have been

a significant inquiry concerning the recoverability of interest as a proper measure of

damages to Plaintiffs' claims.  It is entirely appropriate for us to take this

opportunity to comprehensively address the circuit split concerning this issue and

to reconsider our prior erroneous determination that Plaintiffs' claims for the

recoupment of interest paid to the IRS ought to be dismissed at the pleadings stage

of the case sub judice.

Initially, we note that we agree with Plaintiffs that the issue of whether interest

paid to the IRS may or may not be recovered as an element of damages was only

tangentially raised by Sidley Austin in its Motion to Dismiss regarding one cause of

action in Plaintiffs' complaint, that of professional malpractice.  Both Plaintiffs and

Sidley Austin devoted a minimal portion of their previous submissions to this

significant issue and again, it was only briefly raised in the context of Plaintiffs'

professional malpractice claims.  Moreover, at oral argument held before the Court

on May 24, 2006, while Sidley Austin indicated that Plaintiffs had not alleged

causation of damages as a result of Plaintiffs' filing their tax returns, it did not

address striking Plaintiffs' prayer for recovery of interest paid to the IRS as a

component of Plaintiffs' damages.  At oral argument, Sidley Austin did not

challenge the interest component of Plaintiffs' damages claims, either with respect

to professional malpractice or otherwise.  In fact, it is notable that at oral argument,

Plaintiffs' counsel only mentioned the issue of the recoverability of interest paid to

the IRS as a component of damages briefly and did so at the end of her argument

opposing Sidley Austin's Motion to Dismiss.  Plaintiffs' counsel stated to the

Court that "there is no Pennsylvania case law one way or the other yet as to

whether interest is a recoverable feature of damages, but there's plenty of case law

from other jurisdictions, and I could give Your Honor the cite it you wish, the

District Court of New Jersey -- "  The Court then stated that "You can supply it to

my clerk after we've completed."  (Tr. 5/24/06 at 80:15-21).  Plaintiffs' counsel

concededly and regretfully departed at the conclusion of the proceedings without

providing the law clerk with the previously referenced citation.

　　　Against that backdrop, we note that our June 13, 2006 Order consisting of

seventy-two (72) pages, only devoted two short footnotes to the issue raised by

Plaintiffs' Motion.  (Rec. Doc. 84 at 18 n.6, 21 n.7).  Such footnotes dismissed in

their entirety Plaintiffs' claims for damages representing recoupment of interest paid

to the IRS.  A careful review of both parties' submissions and applicable case law

clearly indicates that we did not appreciate this controversial and substantial issue

that was before us, nor did we appreciate the counter-weight of authority permitting

recovery of interest paid to the IRS as a component of damages, evidenced in part

by our failure to observe the prevailing split of authority.

Plaintiffs direct the Court to two persuasive decisions, a 1999 United States

District Court for the District of New Jersey case and brand new authority that

postdated this Court's June 13, 2006 Order out of the Supreme Court of South

Dakota, that thoughtfully and at length address the issue of whether interest payable

to the IRS is recoverable as a measure of damages.  We will address the cases in

turn.

First, in Ronson v. Talesnick, 33 F.Supp.2d 347 (D.N.J. 1999), the plaintiffs,

a couple, sued defendants, an accountant and his partnership, for professional

malpractice.  Defendants prepared corporate and personal tax returns for plaintiffs,

including reported losses resulting from plaintiffs' investments in two corporations.

Defendants informed plaintiffs that the IRS would disqualify their reported losses,

resulting in an underpayment of plaintiffs' taxes for a three-year period.  Defendants

advised plaintiffs to post a bond for the underpaid amount, but defendants

neglected to mention that interest would continue to accrue on the unpaid interest

on the underpaid taxes.  Plaintiffs subsequently filed suit for malpractice, seeking to

recover the IRS interest as damages.  The United States District Court for the

District of New Jersey determined whether New Jersey law allows plaintiffs to

recover IRS interest as damages in an accounting malpractice action.  The court

aptly noted a split among the various jurisdictions concerning whether plaintiffs

may recover tax interest as damages in accounting malpractice actions.  In that

regard, some courts have held that plaintiffs may recover tax interest incurred as a

result of their accountants' negligence.  Id. at 352; see Jobe v. International Ins.

Co., 933 F. Supp. 844, 860 (D. Ariz. 1995) (applying Arizona law in concluding

that appropriate measure of damages is the "difference between what the

[taxpayers] would have owed if the tax returns had been properly prepared and

they owe now because of the professional's negligence, plus incidental damages."),

order withdrawn pursuant to settlement, 1 F. Supp. 2d 1403 (D. Ariz. 1997); Dail v.

Adamson, 570 N.E.2d 1167, 1169 (Ill. App. Ct. 1991) (same) (quoting Thomas v.

Cleary, 768 P.2d 1090, 1091-92 n.5 (Alaska 1989)); Wynn v. Estate of Holmes,

815 P.2d 1231 (Okla. Ct. App. 1991) (awarding taxpayers amount of interest

penalty from estate of their deceased accountant); Lien v. McGladrey & Pullen, 509

N.W.2d 421, 426 (S.D. 1993)[4] ("measure of damages is the difference between

what the taxpayer would have owed absent the negligence, and what they paid

because of their accountant's negligence, plus incidental damages").  In contrast,

the United States District Court for the District of New Jersey explained that other

courts have concluded that tax interest incurred as a result of an accountant's

negligence is not recoverable as damages in an accounting malpractice action.

Ronson, 33 F. Supp. 2d at 353; see Eckert Cold Storage, Inc. v. Behl, 943 F.

Supp. 1230, 1235 (E.D. Cal. 1996) (applying California law and concluding that

"interest is not a proper element of damages" in an accounting malpractice action);

Orsini v. Bratten, 713 P.2d 791, 793-94 (Alaska 1986) (holding plaintiffs could not

recover interest paid to IRS for under payment of taxes); Alpert v. Shea Gould

Climenko & Casey, 559 N.Y.S.2d 312, 315 (N.Y. App. Div. 1990) (barring

plaintiff's recovery of interest paid to IRS); Leendertsen v. Price Waterhouse, 916

P.2d 449, 451 (Wash. Ct. App. 1996) (holding "interest paid to the IRS is not

---

[4] We note that in O'Bryan v. Ashland, 2006 WL 1707957 (S.D. June 21, 2006), the Supreme
Court of South Dakota addressed the Ronson court's citation to Lien and the placement of South
Dakota among the jurisdictions that allow recovery of interest in professional negligence actions.  Id. at
* 18, n.9.  For the sake of clarification, the Supreme Court of South Dakota explained that prior to
deciding the O'Bryan case, the court had never determined whether a taxpayer in South Dakota may
recover interest payable to the IRS as a measure of damages in professional negligence actions.  Id.

recoverable"), review denied, 928 P.2d 412 (Wash. 1996).  In <u>Ronson</u>, the court

held that the Supreme Court of New Jersey would follow the precedents that allow

for the recovery of IRS interest in accounting malpractice actions.  33 F. Supp. 2d

at 354.  Accordingly, the court held that under New Jersey law, defendants could

offer mitigation evidence at to why plaintiffs should not be entitled to recover the

IRS interest as damages.

The primary case to which Plaintiffs have directed the Court concerning the

issue of whether interest payable to the IRS is a recoverable measure of damages is

a quite recent decision that postdated this Court's June 13, 2006 Order out of the

Supreme Court of South Dakota, <u>O'Bryan v. Ashland</u>, 2006 WL 1707957 (S.D.

June 21, 2006).  Plaintiffs accurately posit that the <u>O'Bryan</u> case provides an

excellent template for surveying the legal debate about recovery of interest paid to

the IRS.  In <u>O'Bryan</u>, taxpayers brought a negligence action against the accountant

who prepared their tax returns, seeking interest the IRS charged on unpaid tax

liability.  The Supreme Court of South Dakota held that evidence was sufficient to

support the jury's award of interest charged by the IRS on unpaid taxes as

damages in an accountant malpractice action.  <u>Id.</u> at *5-6.  In reaching that

determination, the South Dakota Supreme Court first "consider[ed] the rationale

used in those jurisdictions where recovery of interest is precluded as a matter of

law."  Id. at *3 (citing Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230 (E.D.

Cal. 1996); Orsini v. Bratten, 713 P.2d 791, 793-94 (Alaska 1986); Alpert v. Shea

Gould Climencko & Casey, 559 N.Y.S.2d 312, 315 (N.Y. App. Div. 1990);

Leendersten v. Price Waterhouse, 916 P.2d 449, 451 (Wash. Ct. App. 1996)).  The

South Dakota Supreme Court explained that the argument against allowing interest

as a matter of damages hinges on the theory that the IRS does not charge interest to

penalize the taxpayer.  "Rather, it is merely a charge for the use of money that the

taxpayer should have earlier paid to the government."  Id. at *4.

The Supreme Court of South Dakota then addressed the opposing

arguments that have "divided the courts around the country," specifically, courts

that have refused to adopt an absolute rule barring recovery.  "But what if

taxpayers can prove they were truly damaged?"  Id.  A multitude of courts have left

the issue of whether a taxpayer has been damaged to the finder of fact, with the

burden of proof placed upon the taxpayer.  Id. (citing Jobe v. International Ins.

Co., 933 F. Supp. 844 (D. Ariz. 1995); Ronson v. Talesnick, 33 F. Supp. 2d 347,

353 (D.N.J. 1999); Dail v. Adamson, 570 N.E.2d 1167 (Ill. Ct. App. 1991); Wynn

v. Estate of Holmes, 815 P.2d 1231 (Okla. Ct. App. 1991); McCulloch v. Price

Waterhouse, 971 P.2d 414, 419 (Or. Ct. App. 1998)).[5]  This was the theory upon

which plaintiffs prayed for an award of damages to include a measure of

recoupment of interest paid to the IRS and this view prevailed in O'Bryan.

Because the object of South Dakota damages law is to make an injured party

whole, and because, depending on the facts presented, payment of interest at the

rate charged by the IRS could actually damage the taxpayer who received negligent

tax advice, the South Dakota Supreme Court held that "the issue whether a plaintiff

has actually been damaged from the interest charged by the IRS to the taxpayer on

unpaid tax liability is a question of fact[.]" O'Bryan, 2006 WL 1707957 at *5.

Accordingly, the South Dakota Supreme Court aligned itself "with those

jurisdictions that refuse to adopt a blanket rule forbidding interest recovery" in

professional malpractice actions.  Id.

   A thorough review of our June 13, 2006 Order, submissions made by the

parties, and applicable case law reveal that we failed to comprehensively address

the circuit split regarding the recoverability of interest as a proper measure of

---

[5] Additionally, the South Dakota Supreme Court cited numerous additional authorities supporting the recovery of interest: Jamison, Money, Farmer & Co., PC v. Standeffer, 678 So.2d 1061 (Ala. 1996); Jones v. Childers, 1992 WL 300845 (D. Fla. 1992), aff'd in part, rev'd in part, 18 F.3d 899 (11th Cir. 1994); Jerry Clark Equip., Inc. v. Hibbits, 612 N.E.2d 858 (Ill. App. 1993); Warmbrodt v. Blanchard, 692 P.2d 1282 (Nev. 1984); Wyatt v. Smith, 1993 WL 518630 (Ohio App. 1993); Merriam v. Continental Cas. Co., 597 N.W.2d 774 (Wisc. App. 1999); Adel v. Parkhurst, 681 P.2d 886 (Wyo. 1984).

damages to Plaintiffs' claims.  The Court is in agreement with Plaintiffs that we are

aware of no Pennsylvania case law to date that directly addresses this significant

issue in professional malpractice actions.  We find that after analyzing the split in

authority, the better practice is to reject a blanket rule forbidding interest recovery in

professional malpractice actions.  Instead, we align ourselves with those

jurisdictions that leave the issue as to whether a taxpayer has been damaged to the

trier of fact, with the burden of proof upon the taxpayer.  Therefore, we conclude

that interest paid to the IRS may be a recoverable element of damages, depending

upon the facts of the case.

Our June 13, 2006 Order that dismissed Plaintiffs' claims for the recoupment

of interest paid to the IRS outright at the pleadings stage was erroneous, as

elaborated upon herein, and the Court failed to recognize the significance of such

issue in this case.  Although Sidley Austin argues that Plaintiffs have not met the

narrow standard for reconsideration, we disagree.  Plaintiffs have presented the

Court with newly discovered well-reasoned and thoughtfully decided persuasive

authority on a precise issue erroneously decided by the Court in our June 13, 2006

Order, whether interest payable to the IRS is recoverable as a measure of damages.

Moreover, our June 13, 2006 Order may be altered or amended as the party seeking

reconsideration, Plaintiffs, have demonstrated the need to prevent manifest

injustice.  <u>Max's Seafood Café</u>, 176 F.3d at 677 (<u>citing</u> <u>North River Ins. Co.</u>, 52

F.3d at 1218).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiffs' Motion for Reconsideration Directed to Footnotes 6 and 7

 of the Court's June 13, 2006 Memorandum and Paragraph 1(A) of the

 Court's June 13, 2006 Order (doc. 85) is GRANTED.

2. The Court's June 13, 2006 Memorandum is VACATED to the extent

 that Footnotes 6 and 7 are stricken.  Additionally, Paragraph 1(A) of

 the Court's June 13, 2006 Order is stricken.


        <u>s/ John E. Jones III</u>
        John E. Jones III
        United States District Judge