IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER AMATO, <u>et al.</u>, | : | |
| | : | |
| Plaintiffs, | : | No.  4:06-CV-39 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| KPMG LLP, <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

## July 13, 2007

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before this Court is a Motion for Reconsideration ("the Motion"),
filed by all Plaintiffs[1] to the above-captioned action on May 17, 2007.  (Rec. Doc.
108).  For the reasons that follow, the Motion shall be denied.

## <u>FACTUAL BACKGROUND/PROCEDURAL HISTORY</u>:

The factual background and procedural history of this case was thoroughly
set forth in our June 13, 2006, August 14, 2006, and May 14, 2007 Orders (docs.
84, 91, 107) and is well known to the parties.  The following brief recitation[2] of

---

[1] Plaintiffs are Peter and Deborah Amato, Joseph and Donna Amato, Leonard and Lana
Ross, and James Chebalo, individually and as Executor of the Estate of Rosalie Chebalo.

[2] This summary is largely taken from our May 14, 2007 Order.  (Rec. Doc. 107).

that history is sufficient for the purpose of reviewing the pending Motion.

On or about October 28, 2005, Plaintiffs filed a Complaint against

Defendants[3] in the Court of Common Pleas of Luzerne County, Pennsylvania,

alleging various misconduct relating to Plaintiffs' participation in an investment

strategy known as Offshore Portfolio Investment Strategy ("OPIS").  By

stipulation of the parties, the time for Defendants to respond to Plaintiffs'

Complaint was extended to January 6, 2006.  On January 6, 2006, Deutsche Bank

AG and Deutsche Bank Securities, Inc. (collectively, "Deutsche Bank

Defendants"), with the consent of all Defendants, removed the action to this Court.

Plaintiffs' Complaint alleges that in 1998 they realized a significant capital

gain from the sale of certain companies, including Keystone Automotive

Warehouse.  (Rec. Doc. 1, ¶¶ 22-25).  Plaintiffs are individuals who hoped to avoid

tax liability by investing in a tax-advantaged investment strategy, OPIS, that was

allegedly marketed to them by KPMG.  Id. ¶¶ 25, 47, 48.  Plaintiffs allege that they

participated in the OPIS strategy after meeting with a representative of KPMG,

who advised them that they could recognize significant tax benefits through their

participation in OPIS.  Id. ¶ 25.  Subsequently, Plaintiffs claimed substantial tax

---

[3] Defendants in this action are KPMG LLP ("KPMG"), Sidley Austin Brown & Wood
LLP ("Sidley Austin"), Presidio Advisors LLC, Presidio Growth LLC, Deutsche Bank AG
("DB") and Deutsche Bank Securities, Inc. ("DBSI").

losses on their tax returns.  Id. ¶ 13.  Plaintiffs allege that the IRS and the

Commonwealth of Pennsylvania later challenged such losses.  Id. ¶¶ 32, 99-101.

In our June 13, 2006 Order, we denied Plaintiffs' Motion to Remand for

Lack of Subject Matter Jurisdiction (doc. 23); granted in part and denied in part

Motions to Compel Arbitration and Stay All Proceedings, or, Alternatively, for an

Extension of Time to Respond to Plaintiffs' Complaint filed by Defendant KPMG

(doc. 7) and Defendant Deutsche Bank (doc. 10); and we granted in part and

denied in part Presidio Defendants' Motion to Stay Proceedings Pending

Arbitration, or, Alternatively, for Additional Time to Respond to Complaint (doc.

8).  In our June 13, 2006 Order, we also granted in part and denied in part Sidley

Austin's Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P.

12(b)(6) (doc. 9).[4]

On July 7, 2006, Plaintiffs filed a Motion to Amend our June 13, 2006 Order

to Certify for Interlocutory Appeal, and for a Stay ("Motion to Certify") (doc. 86),

which was directed at our June 13, 2006 (doc. 84) denial of Plaintiffs' Motion to

---

[4] However, on August 14, 2006, we issued a Memorandum and Order (doc. 91) granting Plaintiffs' Motion for Partial Reconsideration (doc. 85) of our June 13, 2006 Memorandum and Order.  Therein, we held that "interest paid to the IRS may be a recoverable element of damages, depending upon the facts of the case" (doc. 85 at 14), and, accordingly, we struck those portions of our June 13, 2006 Memorandum and Order indicating that such damages should not be permitted.

Remand for Lack of Subject Matter Jurisdiction (doc. 23).  After the aforesaid

Motion had been fully briefed, but prior to our disposition thereof, Plaintiffs also

filed a Motion to Lift the Stay Entered on June 13, 2006 ("Motion to Lift Stay").

(Rec. Doc. 104).

On May 14, 2007, we denied the Motion to Certify and the Motion to Lift

Stay.  (Rec. Doc. 107).  Our summary denial of the Motion to Lift Stay prompted

Plaintiffs to file, on May 17, 2007, the instant Motion for Reconsideration ("the

Motion") of that portion of our May 14, 2007 Memorandum and Order which

denied the Motion to Lift Stay.  (Rec. Doc. 108).  As the pending Motion has been

fully briefed, it is ripe for our disposition.

**STANDARD OF REVIEW:**

Motions for reconsideration should be granted sparingly as federal courts

have a strong interest in the finality of judgments.  Burger King Corp. v. New

England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa.

2000).  "The purpose of a motion for reconsideration . . . is to correct manifest

errors of law or fact or to present newly discovered evidence."  Max's Seafood

Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).

"Accordingly, a judgment may be altered or amended if the party seeking

reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

**DISCUSSION:**

In the pending Motion (doc. 108), Plaintiffs seek reconsideration of that portion of our May 14, 2007 Memorandum and Order (doc. 107) which denied their Motion to Lift Stay (doc. 104). In support of the instant Motion, Plaintiffs assert that reconsideration of our May 14, 2007 decision is appropriate because it appears to have been grounded in misapprehension of the relevant facts and applicable law. (See Rec. Docs. 109, 114). Specifically, Plaintiffs argue: 1) "The Court . . . may erroneously have concluded that Mr. Chebalo has intentionally delayed [arbitration] proceedings when this is not the case;" and 2) "[T]he Court may have overlooked critical legal authorities, thus misapprehending applicable law, which may also be a proper basis for reconsideration." (Rec. Doc. 109 at 2-3). With respect to their first argument, Plaintiffs contend that despite Mr. Chebalo's request that JAMS not set a hearing date, Deutsche Bank Defendants' failure to

pay the filing fee is the true reason that arbitration proceedings have not even

advanced to the point at which such a date would be set.  As to the second

argument, Plaintiffs direct this Court to, inter alia, CTF Hotel Holdings, Inc. v.

Marriott Int'l, Inc., 381 F.3d 131, 138 (3d Cir. 2004); Braun Media Servs., Inc. v.

Taylor, 2006 WL 3484324, at *3 (M.D. Pa. Nov. 30, 2006) (Kane, C.J.).

Deutsche Bank Defendants answer Plaintiffs' arguments in turn.[5]  (See Rec.

Doc. 110).  First, Deutsche Bank Defendants argue that, contrary to Plaintiffs'

representation in their supporting brief, Deutsche Bank Defendants' failure to pay

the filing fee has not caused the delay in arbitration proceedings, and that, in any

event, said failure to pay the fee was apparently requested by Plaintiffs.  Second,

Deutsche Bank Defendants assert that this Court's May 14, 2007 Memorandum

and Order is in accord with applicable law.[6]  Indeed, Deutsche Bank Defendants

cite eight (8) differences in circumstance that they contend distinguish the instant

---

[5] In their brief opposing the instant Motion, Deutsche Bank Defendants also argue that Plaintiffs' instant Motion for Reconsideration is actually aimed at our June 13, 2006 Order, and, as such, is untimely.  In light of our views on the other arguments put forth by the parties, we need not reach this issue and, thus, only note it here.

[6] Deutsche Bank Defendants also claim, apparently for the first time, that they have uncovered documents which demonstrate that "the Ross Plaintiffs" (doc. 110 at 10 (emphasis added)) entered into an arbitration agreement with DBSI that is identical to that which Mr. Chebalo entered.  In fact, Deutsche Bank Defendants also note that they anticipate finding similar documents relating to the Amato Plaintiffs.
  If any such documents are revealed, they certainly bolster the grounds upon which we have imposed, and continued, the stay.

action from <u>CTF Hotel Holdings, Inc.</u>, the potentially binding authority upon

which Plaintiffs rely.

Defendant Sidley Austin also filed a brief opposing the instant Motion,

which all remaining Defendants subsequently joined.  (<u>See</u> Rec. Docs. 111-113).

Accordingly, all Defendants except Deutsche Bank Defendants contend generally

that "[t]his Court's Order denying Plaintiffs' motion to lift the stay prior to the

completion of their arbitration was well within the Court's discretion, and indeed

was based on well-established law."  (Rec. Doc. 111 at 6).  Further, said

Defendants counter Plaintiffs' two (2) arguments for reconsideration by asserting

that: 1) "Neither of the Court's two reasons for denying Plaintiffs' motion was

premised on which party was responsible for [the] delay [in the arbitration

process;]" and 2) "the judicial-efficiency concern did not stand alone as the <u>sole</u>

basis for the Court's decision to maintain the stay."  <u>Id.</u> at 8 (emphasis in original).

As the parties have addressed Plaintiffs' arguments in turn, we will do the

same.  Thus, first we turn to Plaintiffs' argument that this Court's possible

misapprehension as to the reasons for the delay in the progression of Mr.

Chebalo's arbitration proceedings "may have made the Court unsympathetic to

plaintiffs' request to lift the stay."  (Rec. Doc. 114 at 2).  Given the language in our

May 14, 2007 Memorandum and Order, which "strongly advise[d] Mr. Chebalo to

proceed to arbitration forthwith" and referenced "the appropriate arbitration panel" (doc. 107 at 13), we understand how such language could, in fact, be interpreted as wholly attributing the delay in arbitration proceedings to Mr. Chebalo.

Nevertheless, we also think that other portions of our May 14, 2007 Memorandum and Order made it clear that "th[is] Court did not base its denial of Plaintiffs' motion on the assumption that Plaintiffs, rather than Deutsche Bank, had delayed the arbitration proceeding." (Rec. Doc. 111 at 8). Indeed, we explicitly noted that we would decline to exercise our discretion to lift the stay because 1) we suspected that Plaintiffs sought such lifting in order to obtain discovery for use in arbitration proceedings, and thus to defeat the purposes of arbitration; and 2) we thought judicial economy would be better served by keeping the stay in place. (Rec. Doc. 107 at 12-13). Thus, although the parties' submissions related to the instant Motion make it quite clear to this Court that multiple reasons and parties appear responsible for the delays in Mr. Chebalo's arbitration proceedings, such reasons were irrelevant to our decision to continue the stay and, thus, do not afford us a reason to reconsider our May 14, 2007 decision.[7]

---

[7] Whatever the reasons for such delay, we urge all relevant parties to take the appropriate and necessary actions to further the prompt progress of Mr. Chebalo's arbitration proceedings, in whichever forum as may be appropriate. As Plaintiffs aptly note in their Reply Brief (doc. 114 at 9 n. 3), no motion concerning the apparent forum dispute is pending before this Court, and, accordingly, we offer no opinion thereupon.

Next, we consider Plaintiffs' argument that our May 14, 2007 Memorandum and Order was not in accord with applicable law, particularly that within the Third Circuit.  See CTF Hotel Holdings, Inc., 381 F.3d 131; Braun, 2006 WL 3484324. Once again, we see how the language of our Order, which referenced neither of the aforementioned authorities, could prompt Plaintiffs to view our decision as "overlook[ing]" (doc. 109 at 10) the import of said authorities.

However, upon our careful review of the submissions related to the instant Motion, as well as CTF Hotel Holdings, Inc. and Braun, we find our May 14, 2007 decision was not contrary to law.  First, we agree with Deutsche Bank Defendants' contention that the circumstances underlying CTF Hotel Holdings, Inc. are distinguishable for several reasons, including, inter alia: the district court in that action did not have jurisdiction over all parties, rendering the court without the ability to control the duration of the stay; there was no claim of concerted action or misconduct among the parties to both proceedings; the arbitrating parties had not shown an interest in using the litigation to obtain discovery; and the litigating parties had an explicit contractual provision making clear their right to litigation, despite an arbitration clause applicable to another party.  (See Rec. Doc. 110 at 17). Further, we find that CTF Hotel Holdings, Inc.'s holding, that "[j]udicial efficiency does not, by itself, allow a federal court to refuse to exercise its jurisdiction in

favor of proceedings in an alternative forum" is also not controlling here because, as reiterated above, our continuation of the stay was based on at least two (2) reasons, not "judicial efficiency . . . by itself . . . ." 381 F.3d at 139.

Second, we find that the analysis conducted in our June 13, 2006 Memorandum and Order largely considered the factors later explicitly enumerated by this Court in Braun, 2006 WL 3484324. In addition, we continue to see no events in the interim between our June 13, 2006 and May 14, 2007 decisions which would require any additional analysis in the latter. Accordingly, we believe that reiteration of our June 13, 2006 analysis is unnecessary at this juncture.

As Defendants have met their burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward," Landis v. North Am. Co., 299 U.S. 248, 255 (1936), and for all of the reasons afore stated, we find that reconsideration of our May 14, 2007 Memorandum and Order (doc. 107) is not necessary "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d at 677. Thus, we will deny the instant Motion.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Plaintiffs' Motion for Reconsideration (doc. 108) is **DENIED**.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge